IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,

     Plaintiff,             No. 2: 12-cv-1116 LKK CKD P

   vs.

A. V. SOLORZANO,

     Defendant.            <u>ORDER</u>

_____/

     Plaintiff is a prisoner proceeding *pro se* with a complaint pursuant to 42 U.S.C. § 1983. On August 21, 2012, defendant filed a motion to dismiss the complaint for failure to exhaust administrative remedies. On August 28, 2012, plaintiff filed his opposition to defendant's motion to dismiss. Pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), the court hereby reminds plaintiff of the following requirements for opposing the motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.[1] Such a motion is a request for dismissal of unexhausted claims without prejudice. The defendant may submit affidavits or declarations under penalty of perjury and admissible

---

[1] Plaintiff was also advised of these requirements on June 21, 2012. (<u>See</u> Dkt. No. 12.)

1

1  documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise
2  file declarations under penalty of perjury and admissible documentation.  Plaintiff may rely upon
3  statements made under the penalty of perjury in the complaint if the complaint shows that
4  plaintiff has personal knowledge of the matters state and the plaintiff calls to the court's attention
5  those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more
6  affidavits or declarations by other persons who have personal knowledge of relevant matters.
7  Plaintiff may also rely upon written records, but plaintiff must prove that the records are what
8  plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible
9  evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters
10  outside the pleadings, the court may look beyond the pleadings and decide disputed issues of
11  fact.  If plaintiff does not serve and file a written opposition to the motion, the court may
12  consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's
13  motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will
14  be dismissed without prejudice.  A motion or opposition supported by unsigned affidavits or
15  declarations will be stricken.

   Plaintiff now having received the notice required under <u>Woods</u>, IT IS HEREBY
ORDERED that plaintiff will be provided twenty-one days to file additional materials in
opposition to defendant's motion to dismiss, but it is not required.  No extensions will be given.

Dated: September 4, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
bart1116.not