IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,

    Plaintiff,                    No. 2:12-cv-1116 LKK CKD P

  vs.

A.V. SOLORZANO,

    Defendant.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, an inmate of the California Department of Corrections and Rehabilitation ("CDCR"), proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Plaintiff asserts claims under the First and Eighth Amendments against defendant Solorzano, the sole named defendant. Defendant has moved to dismiss the complaint on the ground that plaintiff failed to exhaust administrative remedies before filing suit. (Dkt. No. 18.) Plaintiff opposes the motion (Dkt. Nos. 19, 22) and defendant has filed a reply (Dkt. No. 20).

I. <u>Allegations of the Complaint</u>

        The events giving rise to this lawsuit occurred at California State Prison- Solano (CSP-Solano), where plaintiff was incarcerated and defendant was employed as a correctional officer at all times relevant. On September 1, 2011, while processing plaintiff's outgoing mail,

defendant made comments about inmates' rectums and stated to plaintiff: "Bartholomew have you ever put anything up your ass, you know what they say about prison[.]" (Dkt. No. 1 at 5, 10.[1]) On September 2, 2011, plaintiff filed an inmate grievance reporting this incident and alleging that defendant had sexually harassed him. (Id.)

On September 8, 2011, defendant asked plaintiff to withdraw the grievance but plaintiff refused to do so. (Dkt. No. 1 at 5.) About an hour later, plaintiff asked defendant for permission to take a shower. (Id.) Although defendant was letting other inmates into the shower, defendant refused to allow plaintiff to shower, stating, "you write me up and expect a shower lock it up[.]" (Id.) Defendant denied plaintiff showers on three more occasions that month. (Id.)

On March 19, 2012, defendant entered plaintiff's cell and broke plaintiff's dentures and clock, stating "maybe next time you will think twice about filing a 602[.]". (Dkt. No. 1 at 17.) Without his dentures, plaintiff was injured and suffered pain when eating. (Id.)

Plaintiff commenced this federal action on April 26, 2012. (See Dkt. No. 1.) In a screening order dated June 8, 2012, this court found that plaintiff had sufficiently stated claims as follows: (1) "that Solorzano violated his rights under the First Amendment by restricting plaintiff's shower access in retaliation for plaintiff's sexual harassment grievance against Solorzano[;]" and (2) "that Solorzano violated his rights under the Eighth Amendment by destroying his dentures and therefore subjecting him to the unnecessary infliction of pain." (Dkt. No. 8 at 3.)

II. Exhaustion of Administrative Remedies

A. Legal Standard

Pursuant to the Prison Litigation Reform Act ("PLRA"):

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such

---

[1] The page numbers referenced are those assigned by the court's CM/ECF system, where applicable.

1 administrative remedies as are available are exhausted.
2 42 U.S.C. § 1997e(a).  Compliance with the exhaustion requirement is mandatory.  Booth v.
3 Churner, 532 U.S. 731, 739, 741 (2001) (holding that prisoners must exhaust their administrative
4 remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even
5 though the latter is unavailable pursuant to the administrative grievance process).

6 The State of California's prison regulations provide administrative procedures in
7 the form of one informal and three formal levels of review to address plaintiff's claims.  See 15
8 Cal. Code Regs. §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a
9 prisoner has received a "Director's Level Decision," or third level review,  with respect to his
10 issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All steps must be completed before a civil
11 rights action is filed, unless there is an exception; exhaustion during the pendency of the
12 litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th
13 Cir. 2002).  In order to properly exhaust in compliance with the exhaustion requirement of
14 section 1997e(a), a prisoner must comply with applicable procedural rules and time
15 requirements.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

16 "The level of detail in an administrative grievance necessary to properly exhaust a
17 claim is determined by the prison's applicable grievance procedures."  Jones v. Bock, 549 U.S.
18 199, 218 (2007); see also  McCollum v. CDCR, 647 F.3d 870, 876 (2011) ("Whether an inmate's
19 claim has been exhausted is determined by reference to the prison's own grievance requirements,
20 which necessitate that the inmate "describe the problem and the action requested." (internal
21 quotations and citations omitted).  In California,

22 > A grievance need not include legal terminology or legal theories
> unless they are in some way needed to provide notice of the harm
23 > being grieved. A grievance also need not contain every fact
> necessary to prove each element of an eventual legal claim. The
24 > primary purpose of a grievance is to alert the prison to a problem
> and facilitate its resolution, not to lay groundwork for litigation.
25

26 Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also McCollum, 647 F.3d at 876

("While an inmate need not articulate a precise legal theory, a grievance must alert the prison to the nature of the wrong for which redress is sought."); see also Jones, 549 U.S. at 219 ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances.").

The exhaustion requirement is not jurisdictional, but rather is an affirmative defense that may be raised by a defendant in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). See Jones v. Bock, 549 U.S. 199, 216 (2007) ("inmates are not required to specially plead or demonstrate exhaustion in their complaints"); Wyatt v. Terhune, 315 F.3d 1108, 1117–19 (9th Cir. 2003) (failure to exhaust is an affirmative defense). The defendant bears the burden of raising and proving the absence of exhaustion. Id. at 1119. If the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed on exhausted claims).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. In this case, plaintiff was advised of the requirements to oppose an unenumerated Rule 12(b) motion to dismiss on August 21, 2012, contemporaneously with service of defendant's motion, and again by order of the court on September 4, 2012. (Dkt. Nos. 18-1, 21.)

B. Discussion

As discussed, the events alleged in the complaint found to state cognizable claims began on September 8, 2011, when defendant asked plaintiff to withdraw his appeal and first

denied plaintiff a shower.  Plaintiff then commenced this federal action on April 26, 2012.
Thus, to satisfy exhaustion requirements, plaintiff must have submitted a grievance or grievances
concerning defendant's alleged conduct at issue in the complaint sometime after September 8,
2011 and the process must have been completed by April 26, 2012.

        According to the sworn declaration of J.D. Lozano, Chief of The Office of
Appeals ("OOA"), during the relevant time frame, OOA received and maintained inmate appeals
accepted for the third and final level of review in CDCR's inmate appeals process for all issues
except medical issues.  (Dkt. No. 18-6, Declaration of J.D. Lozano ("Lozano Decl.") at ¶ 2.)
During the time period from September 1, 2011 through April 26, 2012, plaintiff submitted three
inmate appeals, two of which were decided by OOA on or before April 26, 2012.  (Id. at ¶ 3.)

        Copies of the appeals decided on or before April 26, 2012 are attached as exhibits;
neither submitted during the relevant time frame addresses shower access, broken dentures, or
any alleged retaliatory conduct by defendant.  (Dkt. Nos. 18-3, 18-4.)  Plaintiff alleged in Inmate
Appeal CSP-S-11-00969 that defendant sexually harassed him by making inappropriate
comments about men's rectums, as alleged in the complaint.  (Dkt. No. 18-3.)  Inmate Appeal
CSP-S-11-01056 concerns contraband (a $100 bill) confiscated during a search of plaintiff's cell
and contains no reference to any allegations in plaintiff's complaint.  (Dkt. No. 18-4.)

        S. Cervantes, Appeals Coordinator for the Institutional Appeals Office at CSP-
Solano, is responsible for screening inmate appeals at the second level of review, coordinating
appeals processing, and maintaining inmate appeals records including a database of appeals that
are screened out for non-compliance with proper procedures.  (Dkt. No. 18-7, Declaration of S.
Cervantes at ¶ 1-2.)  S. Cervantes declares in a sworn statement that plaintiff submitted Inmate
Appeal CSP-S-12-00619 concerning a property issue to the second level of review.  (Id. at ¶ 4.)
In Appeal CSP-S-12-00619, plaintiff alleged that defendant damaged his dentures and clock in
an act of retaliation.  (Dkt. No. 18-5.)  Plaintiff signed Inmate Appeal CSP-S-12-00619 on March
19, 2012, and it was received by S. Cervantes on April 2, 2012.  (Id.)  As set forth, however,

plaintiff did not submit this appeal or any others concerning shower access, dentures, or retaliatory acts by defendant to the third level of review during the relevant time frame. (Lozano Decl. at ¶ 3.) This appeal does not, therefore, satisfy the exhaustion requirement for either of plaintiff's claims.

Several points presented in plaintiff's first and second oppositions will now be addressed. To begin, plaintiff objects to defendant's assertion that the events at issue first occurred September 8, 2011.[2] (Dkt. No. 19 at 1.) While it is true that the events described in plaintiff's complaint began on September 1, 2011 when defendant allegedly sexually harassed plaintiff, plaintiff's allegation of sexual harassment does not state a cognizable claim for a constitutional violation. In other words, defendant's actionable conduct did not first occur until September 8, 2011 making that the first date on which plaintiff could have begun the exhaustion process for the conduct underlying his First and Eighth Amendment claims.

Plaintiff asserts that his presentation of Inmate Appeal CSP-S-11-00969 did in fact exhaust his First and Eighth Amendment claims. He argues:

> [I]n his grievance [CSP-S-11-00969] Plaintiff complained to prison officials that in reprisal to reporting the incident he was being harassed in the related conditions. As the 602 progressed through the various levels of review, plaintiff complained that he was not being allowed to shower.... [¶] Plaintiff complained to prison officials that defendant Solorzano was being deliberate indifferent [*sic*] to his hygiene needs by refusing to provide access to shower, to "chill" his appeal for reporting the sexual harassment. Prison officials, including defendant Solorzano who reviewed the second level appeal, clearly understood what Plaintiff was complaining about and what relief he was seeking. In each response, prison officials acknowledged plaintiff's complaints regarding that no reprisal be taken against him for filing his appeal. e.g. trash searches, Harassment, transfer out of building #8, bogus CDC-115.
>
> It is the nature of plaintiff's claim, not whether he mentioned a shower or broken denture in his grievance, that is the paramount

---

[2] Actually, plaintiff describes the date as "September 8, 2012," but the court concludes that this is a typographical error as the plaintiff's federal complaint was filed in April, 2012. Dkt. No. 1.

6

> consideration in the exhaustion analysis.
>
> Here, prison officials would not have been anymore aware of the ongoing problems about which plaintiff was complaining had he re-started the grievance process each time he was being "harassed" by defendant Solorzano when depriving him showers and trash searching plaintiff's cell breaking his dentures.

(Dkt. No. 19 at 6-7.)

As set forth, to properly exhaust administrative remedies, a prisoner must comply with the prison's policies and procedures governing its administrative process. Woodford, 548 U.S. at 90-91. "All steps [in the inmate grievance process] must be completed before a civil rights action is filed...." McKinney, 311 F.3d at 1200.

Under CDCR's regulations it is "[t]he third level of review [that] exhausts administrative remedies" 15 Cal. Code Regs. § 3084.7(d)(3). However, department regulations specifically provide:

> Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellate that was not included in the originally submitted CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, which is incorporated by reference, and addressed through all required levels of administrative review up to and including the third level.

15 Cal. Code Regs. § 3084.1(b).[3] The referenced "CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal" is the form submitted to the appeals coordinator of the institution at the first level of review. See 15 Cal. Code Regs. §§ 3084.2(a)-(c). Accordingly, for any inmate appeal on which plaintiff received a director's decision at the third level of review, only the issues he set forth in his original submission are properly exhausted.

Applying this rule, Inmate Appeal CSP-S-11-00969 did not exhaust either of plaintiff's claims brought under the First and Eighth Amendments. Plaintiff's original

---

[3] Review of the administrative history confirms that the quoted language was in effect when plaintiff initiated the inmate appeal at issue. See 15 Cal. Code Regs. § 3084.1 (2011).

1  submission of CDCR Form 602 (Rev.08/09) on September 2, 2011 grieved only the incident that
2  occurred the day prior, on September 1, 2011.  (Dkt. No. 18-3 at 4-6.)  Contrary to plaintiff's
3  argument in his second opposition (Dkt. No. 22 at 2), his request therein that "no reprisal be
4  taken against plaintiff for filing the grievance" cannot be said to have exhausted conduct that had
5  not yet occurred.  It was not until plaintiff's submission at the third level of review that he wrote,
6  in the section designated for him to express dissatisfaction with the second level decision, that
7  defendant had denied his request for a shower in retaliation for filing the grievance.  (Dkt. No.
8  18-3 at 5.)

Under these circumstances, defendant has met his burden of raising and proving the absence of exhaustion. Both of plaintiff's claims must be dismissed without prejudice. See Wyatt, 315 F.3d at 1120.

In accordance with the above, IT IS HEREBY RECOMMENDED THAT:

1. Defendant's motion to dismiss (Dkt. No. 18) be GRANTED;
2. Plaintiff's claims brought under the First and Eighth Amendment be dismissed without prejudice; and
3. The clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

////
////
////
////

1 | advised that failure to file objections within the specified time may waive the right to appeal the
2 | District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 14, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
bart1116.mtd